**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOBANJEET SINGH,<br>Petitioner,<br>v.<br>WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 26-cv-05371-BAS-GC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

On September 17, 2026, Petitioner Jobanjeet Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This is Petitioner's third Petition filed in the District challenging his immigration detention. (*See Singh v. Warden*, No. 26-cv-00154-BAS-MSB (S.D. Cal. filed Jan. 9, 2026) ("First Petition"); *Singh v. Warden*, No. 26-cv-04657-BAS-MSB (S.D. Cal. filed Aug. 14, 2026) ("Second Petition").)

The First Petition was filed with the assistance of counsel on January 9, 2026. (First Petition, ECF No. 1.) After briefing, the Court granted the First Petition on January 23, 2026. (*Id.*, ECF No. 5.) The Court ordered that Petitioner be granted a bond hearing before an Immigration Judge within 14 days. (*Id.*) The Clerk entered judgment and closed the case. (*Id.*, ECF No. 6.)

On March 11, 2026, Petitioner filed a Motion to Enforce Judgment in the First Petition. (First Petition, ECF No. 7.) After hearing from the Government, the Court denied the Motion. (*Id.*, ECF No. 8.) The Court found that the Government complied with its earlier order requiring a bond hearing. (*Id.*) Further, the Court reasoned that Petitioner had failed to exhaust his administrative remedies. (*Id.*) The Court thus found that appeal to the Board of Immigration Appeals ("BIA") "is a necessary prerequisite" before the Court "may consider any error on the part of the Immigration Judge." (*Id.*)

Nevertheless, on June 26, 2026, Petitioner filed an Amended Motion to Enforce Judgment through new counsel. (First Petition, ECF Nos. 11, 12.) The Court denied the Amended Motion on July 27, 2026, because it improperly sought reconsideration of the Court's prior ruling. (*Id.*, ECF No. 16.)

About two weeks later, Petitioner filed the Second Petition without the assistance of counsel. (Second Petition, ECF No. 1.) On August 18, 2026, the Court dismissed the Second Petition, explaining:

> A habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Petition here provides no new information or grounds for relief that were not raised in the First Petition, the Motion to Enforce Judgment, or the Amended Motion to Enforce Judgment. Petitioner has not exhausted his administrative remedies. (*See* Pet. ¶ 6(b).)

(*Id.*, ECF No. 4.)

Having reviewed the new Petition, the Court finds that it is subject to dismissal for the same reasons. Therefore, the Court **DENIES** the Petition. (ECF No. 1.) The Court also **DENIES AS MOOT** the Motion to Appoint Counsel. (ECF No. 2.)

<u>The Clerk of Court shall enter a judgment dismissing this action without prejudice and close the case file.</u>

**IT IS SO ORDERED.**

**DATED: October 6, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**